UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA PHILLIPS, | ) |
|         Plaintiff, | ) Case No. 12 CV 9738 |
| v. | ) Judge Coleman |
| P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN DOE, individually, and the CITY OF CHICAGO | ) Magistrate Judge Gilbert |
| | ) Jury Demand |
|         Defendants. | ) |

**FIRST AMENDED COMPLAINT**

**NOW COMES** the Plaintiff, DONNA PHILLIPS, by and through her attorneys, GREGORY E. KULIS AND ASSOCIATES, complaining against the Defendants, P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN DOE, individually, and the CITY OF CHICAGO, a municipal corporation, as follows:

**COUNT I—UNLAWFUL SEARCH/ENTRY**

1) This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants committed under color of law.

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331.

3) The Plaintiff, DONNA PHILLIPS, is a United States citizen and permanent resident of the State of Illinois.

4) The Defendants, P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN DOE, individually, were at all relevant times duly appointed police officers of the Defendant, CITY OF CHICAGO, and at all relevant times were acting within their scope of employment and under

1

color of law.

5) On or about December 10, 2011, the Plaintiff was at her residence located at 1234 S. Independence, Apartment 3F in Chicago, Illinois.

6) At the time of Defendants' entry, Plaintiff's door was clearly marked as "3F".

7) The Plaintiff was cooking breakfast and was not committing a crime or breaking any laws.

8) Without knocking or announcing themselves, the Defendants, P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN DOE, made a forceful entry into the Plaintiff's residence.

9) The Defendants' forceful entry was made without a valid search warrant, probable cause, exigent circumstances, or the Plaintiff's consent.

10) The Defendants were executing a search warrant for 1234 S. Independence, Apartment 3R and recklessly breached the wrong apartment.

11) Said actions of the Defendants were intentional, willful, wanton and committed with reckless disregard for Plaintiff's rights.

12) Said actions of one or more of the Defendants violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

13) As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff, DONNA PHILLIPS, suffered violations of her constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, DONNA PHILLIPS, prays for judgment against the Defendants, P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN DOE, jointly and severally, and an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II—UNLAWFUL SEIZURE/FAILURE TO INTERVENE

14) Plaintiff hereby incorporates paragraphs 1-10 as though fully set forth herein.

15) Once inside the residence, one of the Defendants put a gun to Plaintiff's face.

16) The Defendant's holding a gun to Plaintiff unlawfully interfered with Plaintiff's freedom of movement.

17) The Plaintiff was detained for a period of time inside her residence.

18) Plaintiff was not free to leave at any time while this Defendant was holding a gun to her or while she was detained.

19) During the time Plaintiff was unlawfully held, Plaintiff was in fear for her life.

20) The Defendants did not have probable cause to hold the Plaintiff.

21) Said actions of P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN DOE were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

22) Said actions of Defendant, P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN DOE, violated the Plaintiff's Fourth and Fourteenth Amendment Rights and were in violation of said rights protected by 42 U.S.C. 1983.

23) As a direct and proximate consequence of said conduct of one or more of the Defendants, the Plaintiff, DONNA PHILLIPS, suffered violations of her constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, DONNA PHILLIPS, prays for judgment against the Defendants, P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN DOE, jointly and severally, and an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT III—EXCESSIVE FORCE/FAILURE TO INTERVENE

24) Plaintiff hereby incorporates paragraphs 1-20 as though fully set forth herein.

25) Once inside the residence, one of the Defendants ordered Plaintiff to turn around and get on the ground.

26) Though Plaintiff was in the process of complying, this Defendant grabbed Plaintiff forcefully by the arm and took her down to the ground.

27) Once on the ground, this Defendant forcefully grabbed Plaintiff's arms and yanked them behind her back, causing injury to her.

28) This Defendant poked Plaintiff in her side with his weapon.

29) Plaintiff was not resisting at any time and did nothing to provoke these actions.

30) The Defendant's use of force was unprovoked and excessive.

31) The two other Defendants were nearby during the encounter, witnessed their co-Defendant's actions, and did nothing to intervene.

32) The actions of these Defendants were unreasonable and undertaken without justification.

33) Said actions of the Defendants were intentional, willful and wanton, and committed with reckless disregard for Plaintiff's rights.

34) Said actions of one or more of the Defendants violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

35) As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff, DONNA PHILLIPS, suffered violations of her constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

**WHEREFORE**, the Plaintiff, DONNA PHILLIPS, prays for judgment against the Defendants, P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN DOE, jointly and severally, and an

award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT IV—INDEMNIFICATION

36) The Plaintiff hereby re-alleges paragraphs 1-35 as though fully stated herein.

37) Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

38) Defendants P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN DOE are or were employees of the CITY OF CHICAGO who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN DOE be found liable for the acts alleged above, the CITY OF CHICAGO would be liable to pay the Plaintiffs any judgment obtained against said Defendants.

## JURY DEMAND

The Plaintiff, DONNA PHILLIPS, requests a trial by jury.

Respectfully submitted,

/s/ Ronak D. Patel

Gregory E. Kulis and Associates
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830