**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DONNA PHILLIPS,** | ) | |
| | ) | **Case No. 12 CV 9738** |
| **Plaintiff,** | ) | |
| **v.** | ) | **Judge Coleman** |
| | ) | |
| **P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN** | ) | **Magistrate Judge Gilbert** |
| **DOE, individually, and the CITY OF** | ) | |
| **CHICAGO** | ) | **Jury Demand** |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION TO COMPEL**

NOW COMES the Plaintiff, DONNA PHILLIPS, by and through her attorneys, GREGORY E. KULIS & ASSOCIATES, LTD., and in support of his motion to compel states as follows:

1)      Plaintiff served written discovery requests upon the Defendant on March 29, 2013, along with Plaintiff's Rule 26 disclosures (see Exhibit 1).

2)      Defendants' answers to Plaintiff's interrogatories and production request were due by April 29, 2013. After repeated communications via phone and email (see Group Exhibit 2), the responses were finally tendered via email on the afternoon of June 20 (see Exhibit 3[1]).

3)      The undersigned reviewed Defendants' discovery responses and has multiple concerns regarding deficiencies therein. Pursuant to Local Rule 37.2, the undersigned called and emailed Mr. Battle on June 21, 2013 regarding these deficiencies, but has not received a call back to date.

4)      Specifically, the Defendants' answers to interrogatories indicate that they were not the officers to have breached Plaintiff's residence or used force against her, but that they

---

[1] The certificate of service on the discovery responses is inaccurate as it states that the discovery responses were served via email on June 17. Responses were not served until June 20.

1

were rather part of the search warrant team. The interrogatory answers represent that one of the Defendant officers had interaction with Plaintiff after other officers wrongfully entered her apartment and took her to the floor. The other Defendant officer represented that she had no interaction with the Plaintiff at all.

5)      Moreover, despite the fact that production request no. 1. specifically asked for "any and all materials contained in any internal investigation, IPRA, or disciplinary file regarding the incidents at issue in Plaintiff's complaint at law", Defendants' response to this production request was "none".

6)      Yesterday, Plaintiff's counsel received forwarded correspondence from Plaintiff indicating that IPRA had completed its investigation and the complaint against the officers was **sustained** (see Exhibit 4).

7)      As such, after receiving Defendants' incomplete and inaccurate discovery responses, the undersigned sent email correspondence to Mr. Battle regarding the fact that no IPRA file was produced and requesting a call to discuss the ongoing discovery issues (see Exhibit 5).

8)      Mr. Battle's email response indicated that he had no knowledge of the IPRA file and represented that he would request the file immediately (see Exhibit 6). However, Plaintiff's Rule 26 disclosures tendered on March 29 specifically contained documents indicating an IPRA investigation into this matter (see bates stamped documents produced by Plaintiff with Plaintiff's Rule 26 disclosures, attached hereto as Exhibit 7). The City is a defendant in this matter and there is no reason why the IPRA file should not have been included in the production response. Furthermore, the fact that it took until June 21, 2013 for Defendants to even indicate that the correct officers were not named is not appropriate.

9)      Given the fact that a settlement conference is scheduled in this case for July 9,

2013 and that there is no assurance that the IPRA file will be tendered in a timely manner, if at

all, Plaintiff feels she has no choice but to file the instant motion in order to ensure that relevant

materials be produced in sufficient time so that the settlement conference can be productive.

 10)      Plaintiff's counsel requests that this Court order Defendants to produce the entire

IPRA file (presumably containing the identities of the officers responsible for entering Ms.

Phillips' apartment and using force against her) no later than July 2, 2013.

WHEREFORE, Plaintiff DONNA PHILLIPS respectfully requests that the Court enter an

order granting Plaintiff's Motion to Compel, and for any other relief this Court deems just.

Respectfully submitted,

/s/ Ronak Patel

GREGORY E. KULIS AND ASSOCIATES
30 N. LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830

3