# EXHIBIT 3

**Ronak Patel**

| | |
|---|---|
| **From:** | kb@battlelawoffice.com |
| **Sent:** | Thursday, June 20, 2013 4:21 PM |
| **To:** | Ronak Patel |
| **Cc:** | Winne Monu |
| **Subject:** | RE: Phillips--revised settlement letter |
| **Attachments:** | Answers to Interrogatories- Thuestad.pdf; Answers to Interrogatories- Jafri.pdf; Response to Request to Produce - Phillips.pdf; Verification Pages - Signed.pdf |

   

Answers to Interrogatories- Th...  Answers to Interrogatories- Ja...  Response to Request to Produce  Verification Pages - Signed.pd...

Ronak-

Here are the discovery responses. Also, I have made my clients aware of your previous settlement demand and will advise them of this revised one. However, I have not received the information you speak of from IPRA. Please forward the documents to my attention and it may help facilitate the discussion.

Thanks,
Ken

-----Original Message-----
From: Ronak Patel [mailto:rpatel@kulislawltd.com]
Sent: Thursday, June 20, 2013 3:44 PM
To: wmonu2@gmail.com; kb@battlelawoffice.com
Subject: Phillips--revised settlement letter

Counsel:

Please find attached Plaintiff's revised settlement demand letter. Note that the demand was revised in light of the recent finding by IPRA on June 12, 2013 that Ms. Phillips' complaint against the officer was sustained (which Plaintiff's counsel only became aware of today).
Plaintiff believes that her position as to the officers' liability in this case is even stronger. As such, please consider Ms. Phillips' previous demand of $57,500.00 withdrawn.

Thanks.

Ronak Patel
Gregory Kulis & Associates
30 N. LaSalle St., Ste. 2140
Chicago, IL 60602
(312) 580-1830

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA PHILLIPS, | ) | |
| | ) | Case No. 12 CV 9738 |
| Plaintiff, | ) | |
| v. | ) | Judge Coleman |
| | ) | |
| P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN | ) | Magistrate Judge Gilbert |
| DOE, individually, and the CITY OF | ) | |
| CHICAGO | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWERS TO INTERROGATORIES**

Defendant, P.O. Thuestad, by her attorneys, Battle Law Office, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, answers Plaintiff's Interrogatories as follows:

1.     State your full name, work address, and current age.  Also, please state your approximate height and weight on December 10, 2011.

**ANSWER:     Rebecca Thuestad, 5'7", 170 pounds.**

2.     State the full name and address of each person who witnessed or claims to have witnessed any interaction between you and Plaintiff on December 10, 2011.

**ANSWER:     I never had any interaction with plaintiff.**

3.     State the name and address of each person who was not present but has knowledge or information of any interaction between you and Plaintiff on December 10, 2011.

**ANSWER:     None.**

4.     Please state the name, address and contact information of each person you communicated with concerning the December 10, 2011 encounter with the Plaintiff.

**ANSWER:     Defendant Hina Jafri and Sgt. Vasquez.  Both from the 10th district.  I also spoke with other officers present that day to compile information necessary for the police**

reports.

5.      State your assigned beat and duties on December 10, 2011 and the circumstances surrounding how, on December 10, 2011, you or any other Chicago police officers came to be in the area of the encounter with the Plaintiff.  Include the names of all officers present at the scene of Plaintiff's arrest/detention, how you were notified to be there and by whom, including the names of any individuals who provided you with information regarding any suspicious activity at that location, and whether you (or any of the officers present at the scene) arrived as backup for the primary officers on the scene.

**ANSWER:  Defendant objects to this request as being a potential security breach that could cost them their lives, as well as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objection, defendant states that she was in the building to act upon a search warrant. Defendant states that the police documents more accurately reflect all personnel that may have been present at that time.**

6.      State what criminal act, if any, you observed Plaintiff commit on December 10, 2011 and for each act state the identity of the person informing you of said criminal act, the specific actions which amounted to this alleged criminal act, the time at which the act was allegedly committed, the location at which the act was allegedly committed, and your specific location when you observed said act(s).

**ANSWER:    None.**

7.      State whether any charges were filed against the Plaintiff based on her December 10, 2011 detention, and, if so, state the nature of the charges brought against her, the probable cause you had to detain her, the time and place she was taken into custody, the length of time she was held, and the disposition of the charges against her (if any).

**ANSWER:    None.**

8.     Did you fill out any reports/documents (including contact cards) as a result of your encounter with Plaintiff on December 10, 2011? If so, please state the name of each report and for each report state when the report was filled out, what type of report was filled out, where the report was completed, the names of anyone present with you at the time you completed the report, and who is currently in possession of the report.

**ANSWER:     I did not have an encounter with plaintiff that day.  However, I did create the police reports in which she was mentioned and the incident that occurred in her apartment.**

9.     State what physical contact (including any contact with any firearms or objects) you and Plaintiff had with each other on December 10, 2011, regardless of who initiated the contact.  Further state the area of the Plaintiff's body and your body with which contact was made in each instance.  Include the names and addresses of all individuals present when this contact occurred and the physical location/address where the contact occurred.

**ANSWER:     None.**

10.     State the nature of any conversation you had with the Plaintiff on December 10, 2011, including who initiated the conversation, where and when the conversation took place, and the names, addresses, and phone numbers of any individuals, including officers and civilians, present during the conversation.

**ANSWER:     None.**

11.     Were you ever a police officer with any other law enforcement agency other than the Chicago Police Department?  If so, state the name of the law enforcement agency and the dates of your employment with said agency.

**ANSWER:     No.**

12.     Has a verbal or written citizen complaint ever been filed against you with the Chicago Police Department or any other disciplinary body governing the Chicago Police

Department? If so, state the date the complaint was filed, the name of the complaint, and the circumstances and disposition of the complaint and/or investigation. If you were ever a police officer with any other law enforcement agency, please state the name of that agency and state whether any citizen complaint was ever filed against you, the date the complaint was filed, the name of the complaint, and the circumstances and disposition of the complaint and/or investigation.

**ANSWER:   Defendant objects to this request as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objection, defendant states that she has never had a sustained CR.**

13.    Have you ever been disciplined as a Chicago police officer? If so, state the nature of the charge against you, the date the charge was filed, the date upon which you were disciplined, and the nature of any such disciplinary action. If you were ever disciplined as a police officer with any other law enforcement agency, please state the name of that agency and state the nature of the charge against you, the date the charge was filed, the date upon which you were disciplined, and the nature of any such disciplinary action.

**ANSWER:   Defendant objects to this request as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objection, defendant states that she has never been disciplined.**

14.    Have you ever been a defendant in a civil or criminal court of law? If so, state the date, name of the case, court number and case disposition.

**ANSWER:   No.**

15.    Have you ever been the subject of an investigation by any law enforcement agency? If so, please state the name of the law enforcement agency and officers involved in the investigation, the date of the investigation(s), the status and result/disposition of each investigation, what documents are in your possession concerning said investigation(s), and

whether you were represented by an attorney or other representative during said investigation(s).

**ANSWER:** **None to my knowledge.**

16. Did you have any contact or interaction, verbal or physical, with the Plaintiff prior to or subsequent to December 10, 2011? If so, state the nature of the contact and include who initiated the contact, whether the contact was verbal and/or physical, where and when the contact or interaction occurred, the names of anyone who was present when the interaction happened, and the names, addresses and phone numbers of the individuals present.

**ANSWER:** **None.**

17. State to your knowledge the nature of any conversation any other officers or individuals may have had with the Plaintiff on December 10, 2011, including who initiated the conversation, where and when the conversation took place, and the names, addresses, and phone numbers of anyone who was present during the conversation.

**ANSWER:** **It is my understanding that defendant Jafri and Sgt. Vasquez both spoke with plaintiff to discuss the incident that same day.**

18. Did you ever draw your firearm/weapon(s) on December 10, 2011 while in the presence of Plaintiff? If yes, state the circumstances under which you drew your weapon(s) and the cause/justification you had to do so.

**ANSWER:** **No.**

19. Did the Plaintiff ever make any complaints of physical pain or discomfort while in your presence on December 10, 2011? If yes, state what was said by Plaintiff, the number of times the complaint was made, the names of all individuals present when such a complaint was made, and what action, if any, you took in response to said complaint.

**ANSWER:** **No.**

20.    Did you enter Plaintiff's residence located at 1234 S. Independence, Apartment 3F in Chicago, Illinois on December 10, 2011?  If yes, state your manner of entry (i.e. consent, forced entry using an object), the legal justification you had to enter said residence, and what areas of the residence you went in.

**ANSWER:    No.**

21.    To your knowledge and/or based on your observations, was Plaintiff's apartment marked with a particular apartment and/or unit number? If so, state what the marked unit number was and where the marking/designation was in relation to Plaintiff's door. State also whether you had any physical contact with said marking/designation or if you observed any other officer have physical contact with said marking/designation.

**ANSWER:    No.**

22.    What actions did you take prior to entering Plaintiff's apartment to confirm that you were about to enter the apartment for which you had a search warrant?

**ANSWER:    I never entered plaintiff's apartment.  Answering further, an informant described the location of the door we were to enter to execute our search.**

22.    How and at what point did you realize that you were in the wrong apartment (i.e. not in the apartment for which you had a search warrant)?

**ANSWER:    I never entered plaintiff's apartment.  However, upon reaching the hallway landing for plaintiff's unit, I immediately informed the officers that we to search the other apartment.**

Respectfully submitted,

REBECCA THUESTAD,

By: /s/ Winnefred Monu
One of His Attorneys

Kenneth M. Battle
Winnefred Monu

Battle Law Office, P.C.
1016 W. Jackson Blvd.
Chicago, IL 60607
(312) 288-8599
kb@battlelawoffice.com

## **CERTIFICATE OF SERVICE**

To:     Gregory E. Kulis and Associates
        30 North LaSalle Street, Suite 2140
        Chicago, Illinois 60602
        (312) 580-1830

   I, Winnefred Monu, an attorney, certify that I served a copy of the attached instrument was served via email to the above-named party, on or before the hour of 5:00 p.m., this 17st day of June, 2013.

              /s/ Winnefred Monu_____

## **VERIFICATION**

I declare under penalty of perjury pursuant to 28 U.S.C. Sec. 1746 that the enclosed interrogatory responses are true and correct to the best of my knowledge.

SIGNATURE

PRINT NAME

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA PHILLIPS, | ) | |
| | ) | Case No. 12 CV 9738 |
| Plaintiff, | ) | |
| v. | ) | Judge Coleman |
| | ) | |
| P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN | ) | Magistrate Judge Gilbert |
| DOE, individually, and the CITY OF | ) | |
| CHICAGO | ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWERS TO INTERROGATORIES

Defendant, P.O. Jafri, by her attorneys, Battle Law Office, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, answers Plaintiff's Interrogatories as follows:

1.     State your full name, work address, and current age. Also, please state your approximate height and weight on December 10, 2011.

**ANSWER:**    **Hina Jafri 5'3", 130 pounds.**

2.     State the full name and address of each person who witnessed or claims to have witnessed any interaction between you and Plaintiff on December 10, 2011.

**ANSWER:**    **I spoke with plaintiff sometime after her door was breached and the knife was removed from her hand. There were other officers next door executing the search warrant but I am not sure which ones may have witnessed my conversation with plaintiff.**

3.     State the name and address of each person who was not present but has knowledge or information of any interaction between you and Plaintiff on December 10, 2011.

**ANSWER:**    **Officer Thuestad and Sgt. Vasquez.**

4.     Please state the name, address and contact information of each person you communicated with concerning the December 10, 2011 encounter with the Plaintiff.

**ANSWER:** **Defendant Thuestad and Sgt. Vasquez. Both from the 10th district. I may have also had conversations with the other officers present that day.**

5.   State your assigned beat and duties on December 10, 2011 and the circumstances surrounding how, on December 10, 2011, you or any other Chicago police officers came to be in the area of the encounter with the Plaintiff. Include the names of all officers present at the scene of Plaintiff's arrest/detention, how you were notified to be there and by whom, including the names of any individuals who provided you with information regarding any suspicious activity at that location, and whether you (or any of the officers present at the scene) arrived as backup for the primary officers on the scene.

**ANSWER: Defendant objects to this request as being a potential security breach that could cost them their lives, as well as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, defendant states that she was in the building to act upon a search warrant. Defendant states that the police documents more accurately reflect all personnel that may have been present at that time.**

6.   State what criminal act, if any, you observed Plaintiff commit on December 10, 2011 and for each act state the identity of the person informing you of said criminal act, the specific actions which amounted to this alleged criminal act, the time at which the act was allegedly committed, the location at which the act was allegedly committed, and your specific location when you observed said act(s).

**ANSWER: None.**

7.   State whether any charges were filed against the Plaintiff based on her December 10, 2011 detention, and, if so, state the nature of the charges brought against her, the probable cause you had to detain her, the time and place she was taken into custody, the length of time she was held, and the disposition of the charges against her (if any).

**ANSWER: None.**

8.      Did you fill out any reports/documents (including contact cards) as a result of your encounter with Plaintiff on December 10, 2011?  If so, please state the name of each report and for each report state when the report was filled out, what type of report was filled out, where the report was completed, the names of anyone present with you at the time you completed the report, and who is currently in possession of the report.

**ANSWER:    No.**

9.      State what physical contact (including any contact with any firearms or objects) you and Plaintiff had with each other on December 10, 2011, regardless of who initiated the contact.  Further state the area of the Plaintiff's body and your body with which contact was made in each instance.  Include the names and addresses of all individuals present when this contact occurred and the physical location/address where the contact occurred.

**ANSWER:    None.**

10.      State the nature of any conversation you had with the Plaintiff on December 10, 2011, including who initiated the conversation, where and when the conversation took place, and the names, addresses, and phone numbers of any individuals, including officers and civilians, present during the conversation.

**ANSWER:    I spoke with plaintiff following the breach of her door and after the knife was removed from her possession.  We spoke in her apartment and I was attempting to calm her down, ascertain if she was hurt and explain what happened.  There were other officers next door, but I am not certain if anyone else witnessed my conversation with plaintiff.**

11.      Were you ever a police officer with any other law enforcement agency other than the Chicago Police Department?  If so, state the name of the law enforcement agency and the dates of your employment with said agency.

**ANSWER:** Yes, I was an aviation officer for O'Hare airport for more than 7 years. The city of Chicago was my employer.

12.　·Has a verbal or written citizen complaint ever been filed against you with the Chicago Police Department or any other disciplinary body governing the Chicago Police Department? If so, state the date the complaint was filed, the name of the complaint, and the circumstances and disposition of the complaint and/or investigation. If you were ever a police officer with any other law enforcement agency, please state the name of that agency and state whether any citizen complaint was ever filed against you, the date the complaint was filed, the name of the complaint, and the circumstances and disposition of the complaint and/or investigation.

**ANSWER:** Defendant objects to this request as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objection, defendant states that she has never had a sustained CR.

13.　Have you ever been disciplined as a Chicago police officer? If so, state the nature of the charge against you, the date the charge was filed, the date upon which you were disciplined, and the nature of any such disciplinary action. If you were ever disciplined as a police officer with any other law enforcement agency, please state the name of that agency and state the nature of the charge against you, the date the charge was filed, the date upon which you were disciplined, and the nature of any such disciplinary action.

**ANSWER:** Defendant objects to this request as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving her objection, defendant states that she has never been disciplined.

14.　Have you ever been a defendant in a civil or criminal court of law? If so, state the date, name of the case, court number and case disposition.

**ANSWER:** No.

15.    Have you ever been the subject of an investigation by any law enforcement

agency? If so, please state the name of the law enforcement agency and officers involved in the

investigation, the date of the investigation(s), the status and result/disposition of each

investigation, what documents are in your possession concerning said investigation(s), and

whether you were represented by an attorney or other representative during said

investigation(s).

**ANSWER:    None to my knowledge.**

16.    Did you have any contact or interaction, verbal or physical, with the Plaintiff prior

to or subsequent to December 10, 2011? If so, state the nature of the contact and include who

initiated the contact, whether the contact was verbal and/or physical, where and when the contact

or interaction occurred, the names of anyone who was present when the interaction happened,

and the names, addresses and phone numbers of the individuals present.

**ANSWER:    None.**

17.    State to your knowledge the nature of any conversation any other officers or

individuals may have had with the Plaintiff on December 10, 2011, including who initiated the

conversation, where and when the conversation took place, and the names, addresses, and phone

numbers of anyone who was present during the conversation.

**ANSWER:    It is my understanding that Sgt. Vasquez spoke with plaintiff to discuss the
incident that same day. I am not certain who was present for that conversation.**

18.    Did you ever draw your firearm/weapon(s) on December 10, 2011 while in the

presence of Plaintiff? If yes, state the circumstances under which you drew your weapon(s) and

the cause/justification you had to do so.

**ANSWER:    No.**

19.    Did the Plaintiff ever make any complaints of physical pain or discomfort while

in your presence on December 10, 2011? If yes, state what was said by Plaintiff, the number of

times the complaint was made, the names of all individuals present when such a complaint was

made, and what action, if any, you took in response to said complaint.

**ANSWER:     No.**

20.     Did you enter Plaintiff's residence located at 1234 S. Independence, Apartment

3F in Chicago, Illinois on December 10, 2011? If yes, state your manner of entry (i.e. consent,

forced entry using an object), the legal justification you had to enter said residence, and what

areas of the residence you went in.

**ANSWER:     Yes. I entered to speak with her about the incident and try to calm her down
and ascertain if she was injured.**

21.     To your knowledge and/or based on your observations, was Plaintiff's apartment

marked with a particular apartment and/or unit number? If so, state what the marked unit number

was and where the marking/designation was in relation to Plaintiff's door. State also whether you

had any physical contact with said marking/designation or if you observed any other officer have

physical contact with said marking/designation.

**ANSWER:     No.**

22.     What actions did you take prior to entering Plaintiff's apartment to confirm that

you were about to enter the apartment for which you had a search warrant?

**ANSWER:     I never entered plaintiff's apartment prior to the incident necessitating the
removal of her knife. Answering further, an informant described the location of the door
we were to enter to execute our search.**

22.     How and at what point did you realize that you were in the wrong apartment (i.e.

not in the apartment for which you had a search warrant)?

**ANSWER:     I never entered plaintiff's apartment prior to the incident necessitating the
removal of her knife. However, upon reaching the hallway landing for plaintiff's unit, I
immediately informed the officers that we to search the other apartment.**

Respectfully submitted,

HINA JAFRI,

By: /s/ Winnefred Monu
       One of His Attorneys

Kenneth M. Battle
Winnefred Monu
Battle Law Office, P.C.
1016 W. Jackson Blvd.
Chicago, IL 60607
(312) 288-8599
kb@battlelawoffice.com

**CERTIFICATE OF SERVICE**

To:     Gregory E. Kulis and Associates
        30 North LaSalle Street, Suite 2140
        Chicago, Illinois 60602
        (312) 580-1830

      I, Winnefred Monu, an attorney, certify that I served a copy of the attached instrument was served via email to the above-named party, on or before the hour of 5:00 p.m., this 17st day of June, 2013.

                                  /s/ Winnefred Monu

## **VERIFICATION**

I declare under penalty of perjury pursuant to 28 U.S.C. Sec. 1746 that the enclosed interrogatory responses are true and correct to the best of my knowledge.

_____
SIGNATURE

_____
PRINT NAME

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 CV 9738 |
| | ) | |
| v. | ) | Judge Coleman |
| | ) | |
| P.O. THUESTAD, P.O. JAFRI, and P.O. JOHN | ) | Magistrate Judge Gilbert |
| DOE 1, Individually, and the CITY OF | ) | |
| CHICAGO | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendants, P.O. Thuestad, P.O. Jafri and the City of Chicago, by their attorneys, Battle Law Office, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, respond to Plaintiff's Request to Produce as follows:

1. Any and all materials contained in any internal investigation, IPRA, or disciplinary file regarding the incidents at issue in Plaintiff's complaint at law.

**RESPONSE: None.**

2. Copies of all statements and/or interviews of witnesses, the Plaintiff, the Defendants and/or any officers, or other persons who had contact with the case, including any internal investigation statements, if any.

**RESPONSE: None, other than that contained within the police documentation that can be construed as statements. Said documents are believed to already be in plaintiff's possession.**

3. Any statement written by the Defendants, any other officer, or other police personnel concerning the incidents alleged in the Plaintiff's complaint.

**RESPONSE: Defendant is in possession of the Original Case Incident Report and other police documentation that was drafted by the Defendants detailing the incident. Plaintiff is in possession of these records.**

4. Any and all written or recorded oral summaries of the incidents alleged in Plaintiff's complaint.

**RESPONSE: None.**

5.  Any and all photographs, recordings (audio and video), diagrams, or other physical evidence relating to the events described in the Plaintiff's complaint and they physical scheme of the area of this occurrence.

**RESPONSE: None.**

6.  All documents pertaining to this incident or any complaints made by Plaintiff regarding this incident, including, but not limited to, general investigative reports, arrest reports, supplementary reports case reports, incident reports, inventory reports, LEADS reports, and TSS and/or contact cards.

**RESPONSE: Defendant is in possession of some of these documents; however, plaintiff is already in possession of these same documents.**

7.  Reports of recordings of all calls regarding this incident, including, but not limited to all radio calls or calls to any 911 service (including those calls made by Plaintiff) regarding this incident.

**RESPONSE: None.**

8.  All records, interviews, memoranda or other documents contained in and made part of the personnel files and files of the Defendant officers that was or are currently maintained by the City of Chicago.

**RESPONSE: Defendant objects to this request as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

9.  A copy of the Defendant officers' disciplinary records and citizen complaints against them, including, but not limited to, complaints regarding violations of civil rights, unlawful seizure, excessive force, and any and all grievances and lawsuits brought against the Defendant officers.

**RESPONSE: Defendant objects to this request as being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.**

10. Any and all documents regarding the Plaintiff's criminal history.

**RESPONSE: Defendant is in the process of locating these documents. Investigation continues.**

11. Copies of all reports prepared pursuant to the search of 1234 S. Independence and/or the encounter with the Plaintiff alleged in Plaintiff's complaint.

**RESPONSE: Defendant is in possession of the Original Case Incident Report and other police documentation that was drafted by the Defendants detailing the incident. Plaintiff is in possession of these records.**

12. Copies of all work assignment records for all officers who respond to or were present at the incidents alleged in Plaintiff's complaint on or about December 10, 2011.

**RESPONSE: Defendant is in the process of obtaining responsive records.**

13. Copies of any documents identifying other individual officers who were present at the scene with the Plaintiff and Defendants during the incidents alleged in Plaintiff's complaint at law.

**RESPONSE: Defendant is in possession of the Original Case Incident Report and other police documentation that was drafted by the Defendants detailing the incident. Plaintiff is in possession of these records.**

14. Copies of any and all documents relied upon in answering any of the Plaintiff's Interrogatories to the Defendants.

**RESPONSE: Defendant is in possession of the Original Case Incident Report and other police documentation that was drafted by the Defendants detailing the incident. Plaintiff is in possession of these records.**

15. All documents relating to each and every allegation of Plaintiff's complaint at law.

**RESPONSE: Defendant is in possession of the Original Case Incident Report and other police documentation that was drafted by the Defendants detailing the incident. Plaintiff is in possession of these records**

16. All photographs of the Plaintiff, Plaintiff's property, 1234 S. Independence, or other matters regarding this incident.

**RESPONSE: None.**

17. All documents and materials regarding the arrest of any individuals at 1234 S. Independence, Chicago, IL on or about December 10, 2011.

**RESPONSE: Defendant is in possession of the Original Case Incident Report and other police documentation that was drafted by the Defendants detailing the incident. Plaintiff is in possession of these records.**

18. All documents and materials regarding any search warrant for 1234 S. Independence, Chicago, IL, that was being executed on December 10, 2011, including, but not limited to, the search warrant and the complaint/affidavit for the search warrant.

**RESPONSE: Defendant is in possession of the Original Case Incident Report and other police documentation that was drafted by the Defendants detailing the incident. Plaintiff is in possession of these records.**

19. All documents pertaining to Plaintiff's damages as a result of this incident, including, but not limited to, medical records and bills.

**RESPONSE:  Defendant is in possession of Plaintiff's medical records tendered by the Plaintiff.**

20. All documents and materials pertaining to RD number RDHT62583

**RESPONSE: Defendant is in possession of the Original Case Incident Report and other police documentation that was drafted by the Defendants detailing the incident. Plaintiff is in possession of these records.  Investigation continues.**

21. All documents and materials pertaining to any policies in effect on the incident date governing the procedures by which police officers are to execute a search warrant, including, but not limited to, the requisite actions to be taken to confirm that entry will be made into the correct residence.

**RESPONSE: Defendant objects to this request as being vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.**

Respectfully submitted,

OFFICER THUESTAD, OFFICER JAFRI AND
CITY OF CHICAGO,


By:  /s/ Winnefred Monu_____
        One of Their Attorneys

Kenneth M. Battle
Battle Law Office
1016 W. Jackson Blvd.
Chicago, IL 60607
(312) 288-8599
kb@battlelawoffice.com

## CERTIFICATE OF SERVICE

To:     Ronak Patel
        Gregory E. Kulis and Associates
        30 North LaSalle Street, Suite 2140
        Chicago, Illinois 60602
        (312) 580-1830

I, Winnefred Monu, an attorney, certify that I served a copy of the attached instrument via email to the above-named party, on or before the hour of 5:00 p.m., this 17th day of June, 2013.

/s/ Winnefred Monu_____